UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TERRY BURDETTE TUTEN,**

    **Plaintiff,**

v.                                                    Case No. 8:20-cv-1838-WFJ-AEP

**CHRIS NOCCO, Warden, Pasco County Jail;**
**PASCO CO. SHERIFF'S OFFICE; and**
**Dr. IZZARIAN,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court on Plaintiff Terry Burdette Tuten's Civil Rights Complaint (Doc. 1), filed pursuant to 42 U.S.C. § 1983. Because Mr. Tuten has failed to sufficiently set forth his claims, he will be required to file an amended complaint if he desires to proceed in this case.

**I.   LEGAL BACKGROUND**

**A. Section 1915**

Under 28 U.S.C. § 1915A(a), federal courts are obligated to conduct an initial screening of certain civil suits brought by prisoners to determine whether they should proceed. Upon review, a court is required to dismiss a complaint (or any portion thereof) "if the complaint is (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is

1

immune from such relief." 28 U.S.C. § 1915A(b).

A complaint is frivolous if it is without arguable merit in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissals for failure to state a claim are governed by Rule 12(b)(6), Fed. R. Civ. P. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12(b)(6)").

The court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972). Dismissal for failure to state a claim is appropriate only when it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 520-21.

## B. Section 1983

Mr. Tuten's claims arise under 42 U.S.C. § 1983. (Doc. 1 at 3). "[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990). To successfully plead a Section 1983 claim, a plaintiff must allege two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Id.* at 996-97.

## II. ANALYSIS

Mr. Tuten, a pretrial detainee, alleges that Defendants Pasco County Sheriff's

Office, Warden Chris Nocco, and Dr. Izzarian, a dentist, were deliberately indifferent to his serious medical needs[1] when they (1) refused to pull his cracked wisdom tooth, and (2) did not provide access to his medical records. (Doc. 1 at 6).

Mr. Tuten claims that, in December 2018, he cracked a tooth after biting down on a rock in his lunch. (Doc. 1 at 4). He claims that his request to have the tooth removed was refused on three occasions and that the tooth has been infected three times. (Doc. 1 at 6). Mr. Tuten brings this complaint against all Defendants in their individual and official capacities. (Doc. 1 at 2-3).

A. **Pasco County Sheriff's Office**

A sheriff's department is not a legal entity subject to suit. *See e.g., Faulkner v. Monroe Cty. Sheriff's Dep't*, 523 F. App'x 696, 700–01 (11th Cir. 2013); *Avant v. Rice*, Nos. 91-748-CIV-T-17A, 91-1011-CIV-T-17C and 91-1012-CIV-T-17A; 1992 WL 359633, at *6 (M.D. Fla. Nov. 19, 1992) ("Florida law does not recognize a jail facility as a legal entity separate and apart from the [s]heriff charged with its operation and control"). Therefore, the claim against Pasco County Sheriff's Office is dismissed.

---

[1] Mr. Tuten cites the Eighth Amendment. However, as a pretrial detainee, Mr. Tuten's constitutional rights arise from the Due Process Clause of the Fourteenth Amendment. *See Purcell ex rel. Estate of Morgan v. Toombs Cty, Ga.*, 400 F.3d 1313, 1318 n.13 (11th Cir. 2005). Nonetheless, "the standards under the Fourteenth Amendment are identical to those under the Eighth." *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007) (internal citations omitted).

## B. <u>Dr. Izzarian</u>

Mr. Tuten sues Dr. Izzarian in his individual and official capacities. However, an official capacity claim is properly directed to the official who established the policy or otherwise endorsed an official practice or custom leading the the alleged constitutional violation. *See, e.g.*, *Balbin v. Concepcion*, 411 F.Supp.3d 1340, 1362 (S.D. Fla. 2019). Mr. Tuten does not establish Dr. Izzarian as a policymaker. Without more, the claim against Dr. Izzarian in his official capacity is insufficient and must be dismissed.

As for the suit against Dr. Izzarian in his individual capacity, Mr. Tuten contends that Dr. Izzarian's refusal to pull his cracked tooth demonstrates deliberate indifference to medical needs. To prevail on a deliberate-indifference claim, a plaintiff must show (1) a serious medical need, (2) deliberate indifference to that need, and (3) causation between the indifference and the injury. *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009).

The plaintiff has a high bar to make a successful showing. An objectively serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Goebert*, 510 F.3d at 1326 (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)). Also, the medical need must pose a substantial risk of serious harm if left unattended. *Farrow v. West*,

320 F.3d 1235, 1243 (11th Cir. 2003) (quotation marks and citations omitted). Deliberate indifference requires the plaintiff to show (1) subjective knowledge of a risk of serious harm, (2) disregard of that risk, and (3) conduct that is more than mere negligence. *See Melton v. Abston*, 841 F.3d 1207, 1223 n.2 (11th Cir. 2016). Causation requires a link between the injury and the constitutional violation. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1327 (11th Cir. 2007). The unconstitutional act must be the proximate cause of the injury, *LaMarca v. Turner*, 995 F.2d 1526, 1538-39 (11th Cir. 1993), or the plaintiff may show causation by demonstrating the defendant's personal participation in the constitutional violation. *Goebert*, 510 F.3d at 1327.

Mr. Tuten claims Dr. Izzarian informed him that, upon his release, the tooth should be removed immediately because it could be life threatening if it becomes infected. (Doc. 1 at 6). Mr. Tuten alleges that the tooth has, indeed, been infected three times, yet his requests for the tooth to be removed have been denied. (*Id.*).

Nonetheless, Mr. Tuten states that he has been treated with ibuprophen and an antibiotic injection. (*Id.*). On these facts, Mr. Tuten has not established deliberate indifference. *See Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (explaining that "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment" does not support a deliberate indifference claim); *see also Johnson v. Razdan*, 564 F. App'x 481, 484 (11th Cir. 2014) (requiring the treatment provided to be "minimally

adequate."). Therefore, Mr. Tuten's individual capacity claim against Dr. Izzarian is dismissed.

### C. Warden Chris Nocco

As with Dr. Izzarian, Mr. Tuten sues the warden in his individual and official capacities. When suing local officials in their official capacities under § 1983, the plaintiff must show violation of their constitutional rights resulting from official government custom or policy. *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005) (footnote omitted). The plaintiff must "identify either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." *Grech v. Clayton Cty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003).

As noted, Mr. Tuten alleges that Dr. Izzarian informed him that "we don't pull wisdom teeth unless it is a[n] emergency or unbearable condition." (Doc. 1 at 4). Viewed broadly, this allegation implies a jail policy of denying wisdom tooth removal under certain circumstances. However, the policy, as alleged, does not deny *all* care related to wisdom teeth, and, indeed, permits the extraction of wisdom teeth for severe cases. As explained, Mr. Tuten also alleges that he has received treatment in the form of ibuprofen and an antibiotic, demonstrating that other medical care is provided. Therefore, Mr. Tuten has not alleged "such systemic and gross deficiencies in staffing, facilities, equipment, or procedures that the inmate

6

population is effectively denied access to adequate medical care." *Harris*, 941 F.2d at 1505 (quoting *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir.1980), *cert. denied*, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981)). Accordingly, Mr. Tuten's official capacity claim against Warden Nocco for denying wisdom tooth extraction in all but emergency or unbearable circumstances is dismissed.

Mr. Tuten also claims that he has been refused tooth extraction because he cannot pay "the transportation fee or removal down payment." (Doc. 1 at 8). The denial or delay of "necessary medical treatment" for non-medical reasons, such as inability to pay, may constitute deliberate indifference. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985) (citing *Archer v. Dutcher*, 733 F.2d 14, 17 (2d Cir. 1984)). However, as noted, Mr. Tuten has not sufficiently alleged that the treatment provided has been less than minimally adequate. Therefore, Mr. Tuten's official capacity claim against Warden Nocco for denying wisdom tooth extraction due to Mr. Tuten's inability to pay is dismissed.

In addition, Mr. Tuten has alleged no facts demonstrating that Warden Nocco was personally involved in the alleged denial of dental care. Therefore, the claim against Warden Nocco in his individual capacity is dismissed.

### D. Access to Medical Records

Mr. Tuten invokes HIPPA when claiming he has been denied access to his medical records and medical grievances. (Doc. 1 at 6). However, HIPPA does not

create a private right of action. *Sneed v. Pan Am. Hosp.*, 370 F. App'x 47, 50 (11th Cir. 2010). Moreover, Mr. Tuten has failed to identify a defendant who allegedly denied his requests for his medical records. Therefore, this claim is dismissed.

Accordingly, it is **ORDERED** that:

1. The Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A(b)(1);

2. Mr. Tuten may file an amended complaint within **TWENTY-ONE (21) DAYS** of this order.

    a. To amend his complaint, Mr. Tuten should completely fill out a new civil rights complaint. On the new form, he must mark it as "Amended Complaint." The amended complaint must include all of his claims in this action; it may not refer back to or incorporate any prior pleadings.

    b. The amended complaint supersedes the prior pleadings, and all claims must be raised in the amended complaint.

    c. **The amended complaint must be <u>received</u> by the Court (not merely mailed) within twenty-one days of this order**. **If the amended complaint is not timely filed in compliance with this**

**order, judgment will be entered and the case will be closed without further notice.**

3. The Clerk is **DIRECTED** to mail to Plaintiff Tuten, along with this order, a copy of the standard civil rights complaint form.

**DONE** and **ORDERED** in Tampa, Florida, this 2d day of April, 2021.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE