UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY BURDETTE TUTEN,

      Plaintiff,

v.                                           Case No.  8:20-cv-1838-WFJ-AEP

DOCTOR IZZARIAN, DOCTOR
IZZARIAN, CHRIS NOCCO and
CHRIS NOCCO,

      Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff Terry Burdette Tuten's Amended Civil Rights Complaint (Doc. 11), filed under 42 U.S.C. § 1983. Upon review, *see* 28 U.S.C. § 1915A, this case is dismissed because Mr. Tuten has failed to sufficiently state a claim upon which relief may be granted.

**A. Facts Alleged**

Mr. Tuten sues Chris Nocco, Pasco County Sheriff,[1] in his individual and official capacities, as well as Dr. Izzarian, a dentist at the Pasco County jail, in his individual capacity. Mr. Tuten claims that in December 2018 he bit down on a rock

---

[1] Mr. Tuten identifies Chris Nocco as the warden of the Pasco County Jail. (Doc. 11 at 2). However, the Court takes judicial notice, *see* Fed. R. Evid. 201, of Chris Nocco's correct title and position as Sheriff of Pasco County.

in his beans, breaking his right lower wisdom tooth in half. (Doc. 11 at 6). At the time, he was a pretrial detainee. He notified the pod officer, was seen by the nurse for sick call the following morning, and was evaluated by the dentist, Dr. Izzarian, a few weeks later. (Doc. 11 at 6). Dr. Izzarian explained that wisdom teeth are only pulled if the situation is an emergency and that an infection in the tooth could become life-threatening. He prescribed ibuprofen and antibiotics. (Doc. 11 at 6). Mr. Tuten claims he suffered excruciating pain and three severe infections, for which he waited weeks and months for treatment. (Doc. 11 at 6). A fourth infection occurred in July 2020. Mr. Tuten alleges that he woke up with his "mouth full of puss and blood;" the nurse provided him with an antibiotic injection the same day, yet he had to wait another three weeks to be seen by the dentist. (Doc. 11 at 7).

He is now a convicted prisoner being held at the jail and claims he was not permitted to have the tooth removed because he was unable to pay the fee for the outside visit required for removal. (Doc. 11 at 6, 7). He was finally able to have the tooth removed on August 20, 2020, because he threatened to call the news and the attorney general. (Doc. 11 at 7).

Mr. Tuten claims Dr. Izzarian and his superior, Sheriff Nocco, were deliberately indifferent to his serious medical needs, in violation of his constitutional rights. He seeks relief in the form of $150,000 for pain and suffering, $50,000 for mental anguish, and $250,000 in punitive damages.

## B. Discussion

To state a claim for deliberate indifference to a serious medical need, a prisoner plaintiff must show that the failure to provide him medical care amounted to cruel and unusual punishment under the Eighth Amendment[2] of the United States Constitution. To do so, he must first "set forth evidence of an objectively serious medical need. Second, [the] plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003); *see also Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). "Third, as with any tort claim, [he] must show that the injury was caused by the defendant's wrongful conduct." *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007).

An objectively serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Goebert*, 510 F.3d at 1326 (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)). To demonstrate deliberate indifference, a plaintiff must show:

---

[2] Mr. Tuten alleges that, during part of the relevant time, he was a pretrial detainee, then his status changed to that of a convicted prisoner. "Technically, the Fourteenth Amendment Due Process Clause, not the Eighth Amendment prohibition on cruel and unusual punishment, governs pretrial detainees . . . . However, the standards under the Fourteenth Amendment are identical to those under the Eighth." *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007) (internal citations omitted). Accordingly, the analysis remains the same regardless of when during the relevant timeframe Mr. Tuten's status changed.

"(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Goebert*, 510 F.3d at 1326 (alteration in original) (internal quotation marks and citation omitted). *See also Burnette v. Taylor*, 533 F.3d 1325, 1330 (11th Cir. 2008).

Mr. Tuten has alleged the existence of a cracked and painful wisdom tooth that became infected on four occasions — an objectively serious medical condition. But he has failed to demonstrate the disregard of a subjectively known risk of serious harm by conduct that is more than gross negligence. Although Mr. Tuten alleges Dr. Izzarian's acknowledgement that an infection in the tooth could be life threatening, he also alleges that he was treated with ibuprofen and antibiotics on the occasions that the tooth became infected. Indeed, Mr. Tuten alleges four infections, but does not allege an ongoing infection; his allegations imply that the infections resolved and that his tooth was not infected for the other periods of time between December 2018 and August 2020 when the tooth was finally removed.

While Mr. Tuten does not agree with Dr. Izzarian's implicit determination that the condition of his tooth was not an emergency, "[i]nadvertent failure to provide adequate medical care, negligence in diagnosis or treatment, or medical malpractice, without more, fails to state a cognizable deliberate indifference claim." *Loeber v. Andem*, 487 F. App'x 548, 549 (11th Cir. 2012) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Mr. Tuten has alleged, at most, negligence or malpractice,

4

rather than something more egregious than gross negligence. Therefore, the individual capacity claim against Dr. Izzarian is dismissed.

As for the individual capacity claim against Sheriff Nocco, Mr. Tuten has failed to describe any actions personally undertaken by the sheriff. Therefore, that claim must be dismissed.

Further, Mr. Tuten may not hold Sheriff Nocco liable merely because he supervises the jail. Instead, he must allege that "the moving force of the constitutional violation" was an official policy or custom. *See Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)).

Here, Mr. Tuten alleges that the jail has a policy of not extracting wisdom teeth unless it is an emergency. However, as noted in the previous order dismissing the original complaint (*see* Doc. 8 at 6–7), the alleged policy permits wisdom tooth extraction for severe cases. The allegations in the Amended Complaint demonstrate that prisoners can request medical and dental care and are provided pain medication and antibiotics where tooth extraction is deemed non-emergent. Therefore, Mr. Tuten has failed to allege "such systemic and gross deficiencies in staffing, facilities, equipment, or procedures that the inmate population is effectively denied access to adequate medical care." *Harris v. Thigpen*, 941 F.2d 1495, 1505

(11th Cir. 1991) (quoting *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir.1980), *cert. denied*, 450 U.S. 1041 (1981)).

Mr. Tuten also claims that his wisdom tooth extraction was delayed because he could not afford to pay the required co-payment or fee. (Doc. 11 at 6, 7, 8). The denial or delay of "necessary medical treatment" for non-medical reasons, such as inability to pay, may constitute deliberate indifference. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985) (citing *Archer v. Dutcher*, 733 F.2d 14, 17 (2d Cir. 1984)). But Mr. Tuten has not sufficiently alleged that the treatment provided was less than minimally adequate. Accordingly, the official capacity claims against Sheriff Nocco are dismissed.

Finally, Mr. Tuten claims that he is being denied copies of his medical records and responses to his medical requests in violation of HIPPA. However, as previously explained (*see* Doc. 8 at 7–8), HIPPA does not create a private right of action. *Sneed v. Pan Am. Hosp.*, 370 F. App'x 47, 50 (11th Cir. 2010). To the extent that his claim may be construed to allege, under § 1983, the violation of his constitutional privacy rights, Mr. Tuten has not identified a defendant responsible for denying his medical records requests. Therefore, those claims are dismissed.

### C. Conclusion

Mr. Tuten's Amended Complaint fails to state a claim on which relief may be granted. Accordingly, it is **ORDERED** that Mr. Tuten's Amended Complaint (Doc.

11) is **DISMISSED** without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A.

    **DONE** and **ORDERED** in Tampa, Florida on August 5, 2021.

                                                                        _____
                                                                        **WILLIAM F. JUNG**
                                                                        **UNITED STATES DISTRICT JUDGE**